UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CINDY HIETT, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>MHN GOVERNMENT SERVICES, INC., et al.,<br><br>　　　　　Defendants. | CASE NO. C12-5428 BHS<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO LIFT STAY AND TRANSFER VENUE |

This matter comes before the Court on Plaintiffs' motion to lift the stay and transfer venue to the Northern District of California for the purposes of consolidation with *Zabrowski, et al. v. MHN Gov't Services, Inc. and Managed Health Network, Inc.*, No. 3:12-cv-5109-SI ("*Zabrowski*"). Dkt. 70. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file, and for the reasons stated herein, grants the motion.

**I. PROCEDURAL & FACTUAL BACKGROUND**

On May 3, 2011, Plaintiffs in *Brown v. MHN Gov't Servs., Inc.*, Cause No. 3:11-cv-05400BHS (W.D. Wash. 2011), filed a first amended complaint in Pierce County

ORDER - 1

Superior Court for the State of Washington. Dkt. 1 at 15–23. In that case, Plaintiffs alleged state law wage claims on behalf of themselves and a proposed class. *Id.* Defendants removed the case to this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). *See* Dkt. 1. On June 6, 2011, Plaintiffs voluntarily dismissed the complaint. Dkt. 17.

On June 14, 2011, the same plaintiffs filed a new complaint in Pierce County Superior Court for the State of Washington, *Brown, et al. v. MHN Gov't Servs., Inc.*, Pierce County Cause No. 11-2-08582-7 ("*Brown*"). On May 15, 2012, the plaintiffs in *Brown* and twelve other named plaintiffs filed a complaint in the instant action alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the California Labor Code § 226.8. Then, on June 12, 2012, defendants removed *Brown* to this Court. Dkt. 1, *Brown v. MHN Gov't Servs., Inc.*, Cause No. 3:12-cv-05513BHS (W.D. Wash. 2012) (*Brown II*). Plaintiffs in *Brown II* alleged state law wage claims on behalf of themselves and a proposed class. *Id.* They also alleged, however, that the value of all claims asserted is less than $5,000,000. *Id.* at 32. On September 4, 2012, the Court granted Plaintiffs' motion to remand and declined to consider Defendants' motion to consolidate *Brown II* with this case. Dkt. 28.

On July 12, 2012, Defendants filed a motion to compel arbitration and stay proceedings pending arbitration in the instant action. Dkt. 9. On October 9, 2012, the Court stayed this case because the Pierce County Superior Court had decided the identical issue raised by the Defendants' motion to compel arbitration and stay proceedings in *Brown II* and denied their motion. Dkt. 26. Defendants appealed the

ORDER - 2

1  Superior Court's decision to the Washington Court of Appeals.  Dkt. 26.  The appeal was

2  subsequently certified to the Washington State Supreme Court, where *Brown II* was set

3  for oral argument on March 12, 1013.  *See* Dkt. 43 at 11.

4        On October 11, 2012, Plaintiffs in the instant case filed a motion for a limited lift

5  of the stay to notify the putative collective class of this action.  Dkt. 27.  Defendants

6  opposed the motion.  The Court found that it would not be in the interests of justice to lift

7  the stay, and denied the motion.  Dkt. 33.

8        On January 9, 2013, Defendants in this matter filed a motion to lift the stay and to

9  transfer venue to the U.S. District Court for the Northern District of California

10  ("California District Court"), where a substantially similar case, *Zaborowski*, was filed on

11  October 2, 2012, involving the same arbitration agreement at issue in this case.  Dkts. 34

12  & 35 at 2.  Plaintiffs opposed the motion.  Dkt. 45.

13        While Defendants pursued their motion to lift the stay and transfer venue, on

14  January 10, 2013, Plaintiffs filed a separate motion seeking to maintain the litigation stay

15  or, alternatively, to continue MHN's motion for relief from stay pending the ruling in

16  *Zabrowski,* on Defendants' motion to compel arbitration, by the Honorable Susan Illston,

17  District Judge for the California District Court.  Dkt. 39.  Defendants opposed the motion.

18  Dkt. 40.  On February 13, 2013, this Court issued an order denying the Defendants'

19  motion to lift the stay and to transfer venue and granting Plaintiffs' motion to maintain

20  the stay.  Dkt. 56. The Court reasoned:

21        At this junction, this Court finds that maintaining the stay is in the
      interests of justice. Granting the motion to lift the stay would undermine the
22        purpose for which it was originally granted, to permit Washington State

1  Supreme Court to render a decision in *Brown* [*II*] on what Defendants have argued is an identical issue to the one in this case. The Court takes notice of
2  the fact that the Washington State Supreme Court is a competent court and finds that awaiting its decision in *Brown* [*II*] furthers the goal of efficiency
3  for both the judiciary and litigants.

4  *Id*. at 5.

5  On April 3, 2013, Judge Illston issued an order in *Zabrowski* denying defendants'

6  motion to compel arbitration. *See* Dkt. 71-1. Judge Illston found the arbitration provision

7  at issue was itself procedurally unconscionable, other portions of the arbitration

8  agreement substantively unconscionable, and that unconscionability permeated the

9  arbitration agreement. *Id*. Defendants appealed Judge Illston's ruling to the Ninth

10 Circuit. *Id*. The action remains pending there.

11  On April 11, 2013, Plaintiffs in this action filed the instant motion to lift the stay

12 and transfer venue. Dkt. 70. On April 22, 2013, Defendants replied in opposition. Dkt.

13 77. On April 24, 2013, Plaintiffs filed a reply. Dkt. 79.

14  Meanwhile, in *Brown II*, after the parties had oral argument before the Washington

15 State Supreme Court on the conscionablity of the arbitration clause under California law,

16 which is at issue in the instant case, *but before* that court could issue a ruling, defendants

17 again removed *Brown II* to this Court. Cause No. C12-5428 BHS Dkt. 1. On April 19,

18 2013, the *Brown II* plaintiffs filed a motion to remand. Dkt. 14. On May 28, 2013, the

19 Court issued an order granting plaintiffs' motion to remand *Brown* back to state court

20 once again. Dkt. 21.

21

22

In *Zabrowski*, the parties are in the midst of certifying a proposed class of FLSA plaintiffs. *See Zabrowski*, No. 3:12-cv-5109-SI, Dkts. 80 and 92. However, the District Court for the Northern District of California has not yet certified the class of plaintiffs.

## II. DISCUSSION

### A. Legal Standard: Court's Power to Stay A Case

"The power to grant a stay in pending litigation is incidental to the power inherent in every court to control the disposition of the cases on its docket." *Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936). Accordingly, federal district courts have broad discretion to stay proceedings in the interests of justice. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

### B. Legal Standard: Venue Transfer

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404. By enacting Section 1404(a), Congress intended "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1259 (W.D. Wash. 2005) (*citing* 28 U.S.C. § 1404(a)). Courts weigh several factors in determining whether a transfer is for the convenience of the parties:

> (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two

> forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

**C.     Application of Standards**

This Court could continue the stay pending the Ninth Circuit's determination on the conscionability of the arbitration agreement in *Zabrowski*, as Defendants have argued (Dkt. 77 at 4), or pending the Washington State Supreme Court's determination, assuming one is eventually made, in the recently remanded *Brown II*.

However, for the following reasons, the Court now finds it in the interests of justice to lift the stay so that this case can be transferred to the Northern District of California to be consolidated with *Zabrowski*. This case has been pending for a significant period of time, and it is somewhat unpredictable when *Brown II* will issue, especially due to Defendants' multiple, unsuccessful attempts to remove it back to this Court and short-circuit the issuance of a decision by the Washington Supreme Court. Additionally, *Zabrowski* is now pending before the Ninth Circuit and neither party disputes that the case is either "virtually identical" or "identical" to this case. Dkts. 34 at 1 and 70 at 8. Nor do they dispute that the same arbitration agreement is at issue in both cases, which is governed by California law. *See, e.g.,* Dkts. 34 at 2 ("The Provider Services Task Order Agreement ("PSTOA")… contains the arbitration agreement [and] is governed by California law") and 18 at 2 ("[The PSTOA] is governed by California law"). Additionally, neither party appears to dispute that the two cases should eventually be consolidated. *See* Dkts. 34 at 8, n. 4, and 70 at 8. This case, like *Zabrowski*, involves

alleged violations of FLSA for misclassifying Plaintiffs as independent contractors and of the California Labor Code, not violations of Washington law. *See* Dkt. 1 and *Zabrowski*, No. 3:12-cv-5109-SI, Dkt. 1. Finally, Judge Illston's certification of a FLSA collective action in *Zabrowski* is imminent, and the fourteen named plaintiffs and ever-growing number of opt-in plaintiffs (over 50) from across the nation also seek FLSA collective action certification. For this Court to permit the stay to remain in place while a substantially similar case is moving forward with a FLSA collective action certification may hinder the ability of opt-in plaintiffs in this action from moving forward with their claims as a class.

Although the Court could analyze a number of factors in deciding whether to transfer a case (*see supra*), none of the factors are actually opposed by MHN. *See* Dkts. 34, 40, 51 and 77. In fact, MHN has heretofore affirmatively argued that the factors the Court should consider in transferring this case weigh in favor of transfer to the Northern District of California. *See* Dkts. 34, 40, and 51. MHN's response to the instant motion does not really oppose transfer, as much as it argues that the stay should remain in place until the Ninth Circuit decides the issue pending before it. *See* Dkt. 77. Because the Court has determined that the stay should be lifted, Plaintiffs' request to transfer venue is essentially unopposed, and the parties agree that consolidation with *Zabrowski* is inevitable, the Court finds transfer of venue appropriate.


## III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to lift the litigation stay and transfer the case to the Northern District of California is **GRANTED** (Dkt. 70).

Dated this 10th day of June, 2013.

_____
BENJAMIN H. SETTLE
United States District Judge